UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| URBAN ACCESSORIES, INC., a Washington corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>IRON AGE DESIGN AND IMPORT, LLC, a Washington limited liability company; MARK ARMGSTRONG and KATHLEEN ARMSTRONG, husband and wife, and the marital community composed therein; and CRAIG DIAMOND and JANE DOE DIAMOND, husband and wife, and the marital community composed therein,<br><br>    Defendants. | No.<br><br>COMPLAINT<br><br>JURY DEMAND |

Urban Accessories, Inc. ("Urban Accessories" or "Plaintiff"), alleges for its Complaint against Iron Age Design and Import, LLC ("Iron Age"); Mark and Kathleen Armstrong, husband and wife, and the marital community composed therein; and Craig and Jane Doe Diamond, husband and wife, and the marital community composed therein (collectively, "Defendants"), as follows:

## NATURE OF ACTION

1. This is a copyright infringement lawsuit brought by the designer of architectural accessories that manufactures and sells iron tree grates with an artistic and fanciful design.

COMPLAINT -- 1

Defendants, including Plaintiff's former employees, recently installed tree grates for a competing municipal project that copied protected elements of Plaintiff's designs. Plaintiff seeks an injunction to enjoin Defendants from continuing their infringements and, because the infringements occurred after Plaintiff's copyright registrations issued, Plaintiff seeks actual or statutory damages and an award of its reasonable attorney's fees in addition to the other relief provided by law.

## PARTIES

2.     Plaintiff Urban Accessories is a Washington corporation with a principal place of business located at 465 East 15th Street, Tacoma, WA 98421. It is in the business of designing, manufacturing, and selling cast iron architectural accessories, including tree grates. It has been a leading designer's foundry in Washington since 1972.

3.     Defendant Iron Age is a Washington limited liability company with a principal place of business located at 2104 SW 152nd Street, Suite #4, Burien, WA 98166. It is in the business of designing and selling cast iron architectural accessories, including tree grates, and is a competitor of Urban Accessories.

4.     Defendants Mark and Kathleen Armstrong are married persons residing at 19115 Second Avenue Southwest, Normandy Park, WA 98166. Mr. Armstrong is president and a member of Iron Age. He was employed by Urban Accessories as a sales manager from July 31, 2000, to July 29, 2005. On information and belief, Mr. Armstrong personally directed or otherwise participated in the decision to make Iron Age's competing (and infringing) tree grates, which he knew copied Urban Accessories' original designs. All actions alleged herein were undertaken for the benefit of Mr. Armstrong's marital community.

5.     Defendants Craig and Jane Doe Diamond are married persons. Their last known address is 6242 South Verde Street, Tacoma, WA 98409. Craig Diamond is employed by and is a member of Iron Age. He was employed by Urban Accessories as a product designer and draftsperson from April 1, 2000, to September 1, 2005. On information and belief, Mr. Diamond

was personally responsible for designing Iron Age's competing (and infringing) tree grates, which he knew copied Urban Accessories' original designs.  All actions alleged herein were undertaken for the benefit of Mr. Diamond's marital community.

6. The acts alleged herein were undertaken by each defendant individually, were actions that each defendant caused to occur, were actions that each defendant authorized, controlled, directed, or had the ability to authorize, control, or direct, and/or were actions each defendant assisted, participated in, or otherwise encouraged, and are actions for which each defendant is liable.  Each of the Defendants was the agent of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of the other Defendants.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338.  The Court has personal jurisdiction over Defendants because they reside and committed torts within the State of Washington and this District.  Defendants have purposefully availed themselves to this District.

8. Venue is proper under 28 U.S.C. 1391(b)(1) because Defendants reside in this District.  Venue also is proper under 28 U.S.C. 1391(b)(2) because a substantial part of the events giving rise to Urban Accessories' claims occurred in this District.

## FACTUAL ALLEGATIONS

9. On January 1, 1986, Urban Accessories created a new and original four-foot by four-foot tree grate design known as the "OT-T24 Tree Grate," to be used in urban areas to protect trees located in or around sidewalks.

10. The OT-T24 Tree Grate consists of an abstract design featuring geometric lines intersecting across the surface at varying angles, concentric interlocking rings, a thick central ring and lines that radiate outward from the central ring to the outer edges of the work.

11. The OT-T24 Tree Grate embodies aesthetic and stylistic choices that make it a

COMPLAINT -- 3

unique work of art that is separable from its utilitarian function.

12. In April 2012, Urban Accessories provided pricing to manufacture and supply its OT-T24 Tree Grate for a railyard revitalization project located in Sacramento, California. The specifications for the contract required bidders to incorporate the OT-T24 Tree Grate or an "equal" design.

13. In June 2013 Urban Accessories received an order for a portion of the OT-T24 Tree Grates required by the project.

14. In November 2013, Urban Accessories completed the manufacture and supply of the OT-T24 Tree Grates pursuant to its terms of purchase.

15. For subsequent tree grate orders, the purchasing contractor obtained the project owner's permission to accept an alternative but "equal" design to Urban Accessories' OT-T24 Tree Grate for installation on the project.

16. Iron Age submitted one such competing design, which it submitted for approval as being "equal" to the OT-T24 Tree Grate. Thereafter, the purchasing contractor accepted Iron Age's submission.

17. In April 2014, Urban Accessories wrote to Iron Age, expressing concern that Iron Age's competing design copied Urban Accessories' OT-T24 Tree Grate and, therefore, infringed its copyrights.

18. Iron Age responded in writing, assuring Urban Accessories the design that Iron Age had submitted "absolutely did not copy" the OT-T24 Tree Grate. Iron Age added that it did not want to copy Urban Accessories' design "because we do not want our design to be confused with [Urban Accessories'] design."

19. In June 2014, Urban Accessories applied to register its line drawing of the OT-T24 Tree Grate's visual design, as well as the iron, sculptural, form of its work, with the U.S. Copyright Office. The Copyright Office registered Urban Accessories' drawing, titled, "OT-T24 Tree Grate (Drawing)," under Reg. No. VA 1-908-600 ("OT-T24 Line Drawing"). The

Copyright Office registered Urban Accessories' sculptural work, titled, "OT-T24 Tree Grate," under Reg. No. VA 1-908-611 ("OT-T24 Sculpture"). Copies of the subject registration certificates are attached hereto as <u>Exhibit A</u>. The Copyright Office issued both registration certificates with an effective date of June 4, 2014.

20. In September, 2014, Iron Age began to manufacture and install tree grates on the project site that are identical or substantially similar to Urban Accessories' registered works. Urban Accessories' original and Iron Age's copied works are depicted below:




Urban Accessories'　　　　　　　　　　Urban Accessories'
OT-T24 Line Drawing　　　　　　　　　OT-T24 Sculpture




Iron Age's Tree Grate　　　　　　　　　Iron Age's Tree Grate
　　　　　　　　　　　　　　　　　　　　　(Close up)

COMPLAINT -- 5

As is evident from these images, the tree grates that Iron Age supplied directly copy protectable elements of Urban Accessories' design, including Urban Accessories' aesthetic and stylistic choices reflected in the OT-T24 Line Drawing and OT-T24 Sculpture.  Iron Age's copying of these works is reflected in its four-foot by four-foot tree grates, its eight-foot by eight-foot tree grates, and its tree grates configured in other sizes.

21. Urban Accessories never gave Iron Age permission to incorporate, copy, display, or distribute any portion of the designs embodied in its OT-T24 Line Drawing and OT-T24 Sculpture in any portion of Iron Age's tree grates.

## CAUSE OF ACTION

### Infringement of Plaintiffs' Registered Copyrights
### (17 U.S.C. §§ 101, *et seq*.)

22. Urban Accessories re-alleges the allegations set forth above.

23. Urban Accessories is the author and owner of the OT-T24 Line Drawing and OT-T24 Sculpture, as depicted in the top row of Paragraph 20.

24. Urban Accessories' OT-T24 Line Drawing and OT-T24 Sculpture are protected by the U.S. copyright registrations identified in Paragraph 19 and Exhibit A.

25. Urban Accessories' copyrights are valid and enforceable.

26. Defendants willfully infringed Urban Accessories' copyrights by displaying, reproducing, preparing derivative works, and distributing copies of Urban Accessories' copyrighted works, without its permission.

27. Defendants' infringements occurred after Urban Accessories' copyright registrations issued.

28. Urban Accessories has been and will continue to be damaged by Defendants' copyright infringement in a manner that cannot be measured or compensated in economic terms. Such irreparable harm will continue unless Defendants' infringement is restrained or enjoined under 17 U.S.C. § 502.

COMPLAINT -- 6

ATKINS IP
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

29. Defendants are liable to Urban Accessories either in the amount of Urban Accessories' actual damages and any additional profits of Defendants in amounts to be determined at trial, or in the amount of statutory damages, under 17 U.S.C. § 504.

## JURY DEMAND

30. Urban Accessories respectfully demands a trial by jury on all claims stated herein.

## PRAYER FOR RELIEF

WHEREFORE, Urban Accessories respectfully requests judgment against Defendants, jointly and severally, as follows:

1. That the Court issue temporary, preliminary, and permanent injunctive relief against Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, enjoining and restraining them from:

   a. displaying, reproducing, preparing derivative works, and distributing copies of the works reflected in Reg. Nos. VA 1-908-600 and VA 1-908-611;

   b. displaying, marketing, offering to sell, and selling tree grates with designs depicted in Paragraph 20; and

   c. assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) and (b) above;

2. That the Court enter an Order directing Defendants to file with this Court and serve on Plaintiffs' attorneys within thirty days after service of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

3. That the Court enter an Order awarding Urban Accessories its actual damages, statutory damages, enhanced damages for Defendants' willful infringement, and any additional profits of Defendants in an amount to be determined at trial;

4. That the Court enter an Order awarding Plaintiffs their reasonable costs and attorneys' fees;

5. That the Court enter an Order awarding Plaintiffs their pre- and post-judgment interest; and

6. That the Court grant such additional relief as it deems just and appropriate.

DATED this 3rd day of October, 2014.

> By /s/ Michael G. Atkins
> Michael G. Atkins
> WSBA# 26026
> Atkins Intellectual Property, PLLC
> 93 South Jackson Street #18483
> Seattle, WA 98104-2818
> T (206) 628-0983/F (206) 299-3701
> E-mail: mike@atkinsip.com
> Attorneys for Urban Accessories, Inc.