UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

URBAN ACCESSORIES, INC.,

Plaintiff,

v.

IRON AGE DESIGN AND IMPORT,
LLC, et al.,

Defendants.

CASE NO. C14-1529JLR

ORDER

## I.   INTRODUCTION

Before the court are Defendants Mark and Kathleen Armstrong and Craig
Diamond's (collectively, "the Individual Defendants") motion to dismiss the complaint as
against the Individual Defendants and Defendant Jane Doe Diamond pursuant to Federal
Rule of Civil Procedure 12(b)(6) (Mot. (Dkt. # 13)); Plaintiff Urban Accessories, Inc.'s
("Urban Accessories") combined opposition memorandum and motion to strike (Resp.
(Dkt. # 19)); the Individual Defendants' reply  memorandum (Reply (Dkt. # 20)); and

1   Urban Accessories' surreply motion to strike under Local Civil Rule 7(g) (Surreply (Dkt.

2   # 21)).  Having considered the submissions of the parties and the relevant law and being

3   fully advised,[1] the court denies the Individual Defendants' motion to dismiss and grants

4   Urban Accessories' motions to strike.

5                              **II.    BACKGROUND**

6          This is a copyright infringement case.  Plaintiff Urban Accessories designs,

7   manufactures, and sells cast iron architectural accessories, including grates that protect

8   trees located in or around sidewalks.  (Compl. (Dkt. # 1) ¶¶ 1-2, 9.)  Urban Accessories

9   claims that in January 1986 it created an original design for a tree grate known as the OT-

10  T24 Tree Grate.  (*Id.* ¶ 9.)  Urban Accessories further claims that OT-T24 grates entail

11  artistic, copyrightable features, and indeed, Urban Accessories obtained a copyright for

12  the OT-T24's visual design and iron sculptural form from the United States Copyright

13  Office on June 4, 2014.  (*See id.* ¶¶ 11, 19, Ex. A.)

14         In April 2012, Urban Accessories submitted a bid to manufacture and supply the

15  OT-T24 Tree Grate for a rail yard revitalization project ("the project") in Sacramento,

16  California.  (*Id.* ¶ 12.)  The project required bidders to incorporate the OT-T24 Tree Grate

17  or an "'equal'" design.  (*Id.*)  Ultimately, Urban Accessories received and filled an order

18  for a portion of the project's needs.  (*Id.* ¶¶ 13-14.)  For subsequent orders, however, the

19  purchasing contractor for the project obtained permission to accept designs that were

20  "alternative but 'equal'" to the OT-T24 Tree Grate (*id.* ¶ 15), and Defendant Iron Age

21  _____

22         [1] The court finds that oral argument is unnecessary.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER- 2

Design and Import, LLC ("Iron Age") submitted a successful bid with a competing design.

In April 2014, Urban Accessories wrote to Iron Age expressing concern that Iron Age's competing design infringed Urban Accessories' copyrights. (*Id.* ¶ 17.) Iron Age rejected that suggestion and in September 2014 began manufacturing its competing tree grates and installing them at the project site. (*Id.* ¶¶ 18, 20.) Shortly thereafter, Urban Accessories filed this lawsuit with a single cause of action for copyright infringement. (*See id.* at 1, ¶¶ 22-29.)

In its complaint, Urban Accessories asserts copyright infringement against Iron Age as well as "Mark Armstrong and Kathleen Armstrong, husband and wife, and the marital community composed therein; and Craig and Jane Doe Diamond, husband and wife, and the marital community composed therein." (*Id.* at 1.) The complaint alleges that Mr. Armstrong is a former employee of Urban Accessories as well as a member and the current president of Iron Age, and that Mr. Armstrong "personally directed or otherwise participated in the decision to make Iron Age's competing (and infringing) tree grates, which he knew copied Urban Accessories' original designs." (*Id.* ¶ 4.) The complaint additionally alleges that Craig Diamond worked as a designer for Urban Accessories, is now a member and employee of Iron Age, and "was personally responsible for designing Iron Age's competing (and infringing) tree grates, which he knew copied Urban Accessories' original designs." (*Id.* ¶ 5.) Furthermore, the complaint contends that Mr. Armstrong and Mr. Diamond acted for the benefit of their respective marital communities. (*See id.* ¶¶ 4-5.)

1    Just over a month after Urban Accessories filed its complaint, the Individual

2  Defendants responded with their motion to dismiss under Federal Rule of Civil Procedure

3  12(b)(6).  (*See* Mot. at 1.)  The Individual Defendants seek the dismissal of the claims

4  against themselves and Jane Doe Diamond on the basis that "[t]he Complaint contains no

5  specific allegations implicating any of the INDIVIDUAL DEFENDANTS <u>as individuals</u>

6  in any of the alleged infringing acts cited in the Complaint."  (*Id.* at 4 (emphasis and

7  capitalization in original).)  Furthermore, the Individual Defendants urge the court to

8  dismiss the claims against them with prejudice as such claims cannot, they argue, be

9  saved by amendment.  (*See id.* at 8.)  In support of their position, the Individual

10  Defendants offer declarations contesting the factual bases of the complaint's allegations.

11  (*See id.*; Reply at 7-9; K. Armstrong Decl. (Dkt. # 13-1); M. Armstrong Decl. (Dkt. # 13-

12  2); Diamond Decl. (Dkt. # 13-3); M. Armstrong Supp. Decl. (Dkt. # 20-1).)  Urban

13  Accessories opposes the Individual Defendants' assertions regarding the sufficiency of

14  the complaint and also moves the court to strike the Individual Defendants' declarations.

15  (*See generally* Resp.; Surreply.)   The parties' motions are now before the court.

16                          **III.    DISCUSSION**

17  **A.    Legal Standard**

18    "To survive a motion to dismiss, a complaint must contain sufficient factual

19  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*

20  *v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

21  570 (2007)); *see al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).  "A claim has

22  facial plausibility when the plaintiff pleads factual content that allows the court to draw

1    the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

2    Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or

3    the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v.*

4    *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

5          When considering a motion to dismiss under Rule 12(b)(6), the court construes the

6    complaint in the light most favorable to the non-moving party. *Livid Holdings Ltd. v.*

7    *Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).  The court must accept

8    all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff.

9    *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661, 663 (9th Cir. 1998).

10         Generally, a district court may not consider any material beyond the pleadings in

11   ruling on a Rule 12(b)(6) motion to dismiss.  *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th

12   Cir. 2001) (citations omitted), *overruled on other grounds by Galbraith v. Cnty. of Santa*

13   *Clara*, 307 F.3d 1119 (9th Cir. 2002); *see* Fed. R. Civ. P. 12(d).  The Ninth Circuit has

14   carved out three exceptions to this rule.  First, a court may consider material properly

15   submitted as a part of the complaint.  *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)

16   (citations omitted), *overruled on other grounds by Galbraith*, 307 F.3d 1119.  Second, a

17   court may consider "documents whose contents are alleged in the complaint and whose

18   authenticity no party questions, but which are not physically attached to the pleading[.]"

19   *Id.* at 454.  Third, a court may take judicial notice of matters of public record.  *Lee*, 250

20   F.3d at 688-89 (citations omitted).  If other materials are presented to the court and not

21   excluded, the court must treat the motion as one for summary judgment and give all

22

1  parties notice and an opportunity to present material pertinent to the motion.  *See* Fed. R.

2  Civ. P. 12(d); *Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1532-33 (9th Cir. 1985).

3  **B.   Matters Not Considered**

4        Urban Accessories asks the court to strike the declarations that the Individual

5  Defendants have attached to their motion and reply memorandum.  (*See* Resp. at 11;

6  Surreply at 2.)  These declarations provide alternative facts, on the basis of which the

7  Individual Defendants controvert the factual allegations of the complaint and ask the

8  court to dismiss the complaint with prejudice and without leave to amend.  (*See* Mot. at 6,

9  8; Reply at 7-10; K. Armstrong Decl.; M. Armstrong Decl.; Diamond Decl.; M.

10  Armstrong Supp. Decl.)

11        Urban Accessories is correct that these declarations and the associated arguments

12  are improper in the context of a motion to dismiss under Federal Rule of Civil Procedure

13  12(b)(6).  As discussed above, a motion to dismiss may be based on the absence of a

14  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

15  theory.  *Balistreri*, 901 F.2d at 699.  Well-pleaded facts, however, must be taken as true

16  in either case.  *See Wyler Summit*, 135 F.3d at 661.  Moreover, in ruling on a motion to

17  dismiss, the court may consider only the complaint and matters falling within one of the

18  three exceptions delineated above.  *See Branch*, 14 F.3d at 453-54; *Lee*, 250 F.3d 688-89.

19  The declarations and arguments at issue here violate those principles.[2]

20

                ————————————————

21       [2] The Individual Defendants make no effort to fit their declarations within one of the

22  exceptions delineated above.  Rather they attempt to justify their reliance on the declarations and associated arguments with the theory that "the actual facts . . . preclude actual specific

1        Furthermore, the court finds that it should not convert the Individual Defendants'

2   motion to a motion for summary judgment in order to consider the declarations and

3   arguments at issue.  This case is still in its early stages, and little if any discovery has

4   likely been conducted.  (*See generally* Dkt.)  Converting the motion would, therefore,

5   substantially delay resolution of the issues that are properly raised in the motion because

6   the court would have to give Urban Accessories notice and an opportunity to discover

7   and present pertinent material.  *See* Fed. R. Civ. P. 12(d); *Grove*, 753 F.2d at 1532-33.

8   By deciding the properly raised issues at this time, the court may be able to clarify

9   matters for the parties and focus their efforts going forward.  In addition, no party has

10  requested that the court convert the motion.  The court therefore grants Urban

11  Accessories' motions to strike, strikes the Individual Defendants' declarations (K.

12  Armstrong Decl.; M. Armstrong Decl.; Diamond Decl.; M. Armstrong Supp. Decl.), and

13  gives those declarations and the associated arguments no consideration in deciding the

14  motion to dismiss.

15  **C.    Individual Liability for Copyright Infringement**

16       The Individual Defendants contend that Urban Accessories' complaint lacks

17  sufficient factual allegations to support its claims of personal liability for copyright

18  infringement, because the complaint contains no specific allegations that the Individual

19  Defendants acted as individuals.  (*See id.* at 4-5, 7; Reply at 4-7.)  The court disagrees.

20

21  allegations."  (Reply at 8.)  Such a theory has no basis in the law as a justification for a court to
    consider matters outside the complaint or entertain factual disputes when ruling on a motion to
22  dismiss.

1   Although the issue is close, Urban Accessories' complaint provides sufficient factual

2   allegations to sustain claims of personal liability at this stage of litigation.

3         A plaintiff alleging copyright infringement must prove two elements:  "'(1)

4   ownership of a valid copyright, and (2) copying of constituent elements of the work that

5   are original.'"  *Lucky Break Wishbone Corp. v. Sears, Roebuck & Co.*, 528 F. Supp. 2d

6   1106, 1117 (W.D. Wash. 2007) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 449

7   U.S. 340, 361 (1991)).  Where a corporation or similar entity is the alleged infringer, the

8   plaintiff may also hold individual "corporate officers, shareholders, and employees . . .

9   personally liable for the corporation's infringements" by showing that such individuals

10  "are a 'moving, active conscious force behind the corporation's infringement,' regardless

11  of whether they are aware that their acts will result in infringement."  *Carson v.*

12  *Verismart Software*, No. C 11-03766 LB, 2012 WL 1038662, at *5 (N.D. Cal. Mar. 27,

13  2012) (quoting *Adobe Sys. Inc. v. Childers*, No. 5:10-cv-03571-JF/HRL, 2011 WL

14  566812, at *7 (N.D. Cal. Feb. 14, 2011) (citing *Novel, Inc. v. Unicom Sales, Inc.*, No. C-

15  03-2785 MMC, 2004 WL 1839117, at *17 (N.D. Cal. Aug. 17, 2004)); *see also Comm.*

16  *For Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996) ("A corporate

17  officer or director is, in general, personally liable for all torts which he authorizes or

18  directs or in which he participates, notwithstanding that he acted as an agent of the

19  corporation and not on his own behalf." (internal quotations and alterations omitted)); *S.*

20  *Bell Tel. & Tel. Co. v. Associated Tel. Directory Publishers*, 756 F.2d 801, 811 (11th Cir.

21  1985) ("'An individual, including a corporate officer, who . . . personally participates in

22  that [infringing] activity is personally liable for the infringement.'" (quoting *Lauratex*

*Textile Corp. v. Allton Knitting Mills, Inc.*, 517 F. Supp. 900, 904 (S.D.N.Y. 1981)).  This

direct personal liability is possible because "[c]opyright is a strict liability tort; therefore,

there is no corporate veil and all individuals who participate are jointly and severally

liable."  *Blue Nile, Inc. v. Ideal Diamond Solutions, Inc.*, No. C10-380Z, 2011 WL

3360664, at *2 (W.D. Wash. Aug. 3, 2011).[3]

Urban Accessories' complaint provides the following allegations linking Mr.

Armstrong and Mr. Diamond to Iron Age's alleged infringing activities:  Mr. Armstrong

and Mr. Diamond both worked for Urban Accessories for several years and now work for

Iron Age. (Compl. ¶¶ 4-5.)  Both men are members of Iron Age.  (*Id.*)  Mr. Diamond,

who was a designer for Urban Accessories, personally designed Iron Age's allegedly

infringing tree grates.  (*Id.* ¶ 5.)  Mr. Armstrong is the president of Iron Age and

personally directed or otherwise actively participated in the decision to make Iron Age's

allegedly infringing tree grates.  (*Id.* ¶ 4.)

Accepting the complaint's factual allegations as true and viewing them in the light

most favorable to Urban Accessories, the court can draw the reasonable inference that

Mr. Diamond and Mr. Armstrong participated in or were a "moving, active conscious

---

[3] An individual within a limited liability entity may also be liable for the entity's copyright infringement based on principles of vicarious liability, *see Blue Nile*, 2011 WL 3360664, at *2 (citing *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 262 (9th Cir. 1996)), or contributory liability, *see Fonovisa*, 76 F.3d at 264.  Although Urban Accessories contends that its complaint sufficiently alleges direct, vicarious, and contributory individual liability (Resp. at 6-10), the Individual Defendants do not attack a particular theory of individual liability in their motion.  (*See* Mot.; *see also* Resp.)  Instead, they make the general argument that the complaint contains insufficient allegations of individual activity to support any claim of individual liability.  (*See* Mot. at 4-5, 7; Reply at 4-7.)  Because the court finds that Urban Accessories has adequately alleged claims of direct personal liability, the court does not address whether the complaint adequately alleges claims of vicarious or contributory liability.

1   force" behind Iron Age's infringement.  *Childers*, 2011 WL 566812, at *7; *see Iqbal*, 556

2   U.S. at 678; *see also Yost*, 92 F.3d at 823.  Both men worked for Urban Accessories

3   (Copml. ¶¶ 4-5); thus, the court can reasonably infer that both men had encountered

4   Urban Accessories' OT-T24 design.  Both men then became members of Iron Age and

5   worked for it at the time when Iron Age produced an allegedly infringing design.  (*See*

6   *id.*)  This circumstance supports the inference that Mr. Armstrong and Mr. Diamond were

7   involved with the creation of that design.  Their positions bolster the reasonableness of

8   that inference—Mr. Diamond is a designer and Mr. Armstrong is Iron Age's president.

9   (*See id.*)  Accordingly, the court rejects the Individual Defendants' contention that the

10  complaint contains insufficient factual allegations supporting its claims of individual

11  liability.[4]

12      The Individual Defendants' additional criticisms of the complaint are not well

13  taken.  For instance, the Individual Defendants fault the complaint for not alleging any

14  specific acts undertaken in an individual capacity.  (*See, e.g.*, Mot. at 1-2 (noting the

15  complaint's failure to allege that the Individual Defendants acted "<u>as individuals</u>" or "in

16

17      [4] The court does not reach the issue of whether the claims against Ms. Armstrong, Ms.
    Diamond, and the Armstrong and Diamond marital communities are sufficiently pleaded.  The
18  motion to dismiss attacks the sufficiency of allegations of individual activity as a basis for
    personal liability.  (*See* Mot. at 4-5; *see also* Reply at 6.)  As the court reads the complaint,
19  however, the liability of Ms. Diamond, Ms. Armstrong, and the marital communities is premised
    not on individual activity but on Ms. Diamond's and Ms. Armstrong's marital relationships with
20  Mr. Diamond and Mr. Armstrong, respectively, and the personal liability of those two men.  *See*
    *Clayton v. Wilson*, 227 P.3d 278, 280-83 (Wash. 2010) (discussing marital community liability
21  under Washington law).  Based on that interpretation, the court determines that the allegations
    against Ms. Diamond, Ms. Armstrong, and the marital communities fall outside the scope of the
    present motion.  Accordingly, the court expresses no opinion regarding the sufficiency of either
22  the allegations or the theory of liability related to Ms. Diamond, Ms. Armstrong, and the marital
    communities.

1   their individual capcities" (emphasis in original)).)  This criticism, however, mistakenly

2   assumes that an individual cannot be personally liable for copyright infringement

3   committed while acting on behalf of a corporation or limited liability company.  In fact,

4   an officer or employee of such an entity may be liable for copyright infringement in

5   which he or she personally participates, regardless of whether he or she participates in an

6   individual capacity or as an agent of the entity.  *See Yost*, 92 F.3d at 823; *Childers*, 2011

7   WL 566812, at *7.

8           In addition, the Individual Defendants highlight that the complaint's allegations

9   regarding Mr. Armstrong and Mr. Diamond appear in the "PARTIES" section of the

10  complaint while the "FACTUAL ALLEGATIONS" section, which contains the primary

11  allegations of infringement, mentions only Iron Age.  (*See* Reply at 4-6.)  This critique

12  suffers from an overly formalistic approach to reading the complaint.  A factual

13  allegation does not cease to be such merely because it appears in a section of the

14  complaint with another title.  Moreover, construing the complaint's well-pleaded

15  allegations in favor of Urban Accessories, *see Wyler Summit*, 135 F.3d at 663, the court

16  has no trouble connecting the allegations that Iron Age committed infringement with the

17  allegations that Mr. Armstrong and Mr. Diamond participated in such infringement.

18          Finally, the cable theft cases to which the Individual Defendants cite do not alter

19  the court's analysis.  (*See* Reply at 6-7.)  Although several of those cases apply principles

20  of liability from copyright law to the issue of individual liability for cable theft, a close

21  reading reveals that they import only principles of vicarious liability.  *See, e.g.*, *J & J*

22  *Sports Prods., Inc. v. Walia*, No. 10-5136 SC, 2011 WL 902245, at *3-5 (N.D. Cal. Mar.

14, 2011).  To establish vicarious liability for copyright infringement, a plaintiff must show that the defendant had the right and ability to supervise the infringing activity and enjoyed a direct financial benefit from that activity.  *See Blue Nile*, 2011 WL 3360664, at *2 (citing *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 262 (9th Cir. 1996)).  Yet there is also the possibility of direct personal liability, *see Childers*, 2011 WL 566812, at *7, which the court has analyzed here, as well as contributory liability, *see Fonovisa*, 76 F.3d at 264.  The cable theft cases provide little, if any, guidance on those matters.

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Urban Accessories' motions to strike and DENIES the Individual Defendants' motion to dismiss (Dkt. # 13).

Dated this 1st day of April, 2015.

JAMES L. ROBART
United States District Judge